UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D-8, EUGENE SMITH III,

                    Petitioner,                    Case No. 16-20677-08

v                                                   Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                    Respondent.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, DENYING
PETITIONER'S MOTION TO VACATE SENTENCE, APPOINTING COUNSEL AND
SCHEDULING A HEARING**

On August 15, 2017, Petitioner Eugene Smith, III pled guilty to conspiracy to possess with

intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §§841(a)(1) and

846 pursuant to a Rule 11 plea agreement. ECF No. 374. He was represented by Attorney Jeffrey

M. Day. On March 9, 2018, the Court sentenced Smith to 135 months incarceration. ECF No. 525.

**I.**

**A.**

On July 10, 2018, Smith filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255

for ineffective assistance of counsel. ECF No. 552. Smith claimed that his trial counsel was

ineffective because Smith "requested his Legal Counsel file [sic] an Appeal in his case subsequent

to the Sentencing Hearing and the Attorney told the Movant that he could not because the Movant

had taken a Rule 11(c)(1) Plea Agreement with a No Appeal Clause in it," but that "Movant has

since learned that it was his Attorney's responsibility to file at least a Notice of Appeal in his case

when he was directed to do so by the Movant." ECF No. 552 at 5.

Smith's Rule 11 Plea Agreement provides

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 188 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 100 months, the government waives any right it may have to appeal the defendant's sentence. Nothing in this waiver bars a claim of ineffective assistance of counsel on appeal or by Collateral Relief under 28 U.S.C. §2255.

Rule 11 Plea Agreement at 9, ECF No. 374.

On August 15, 2018, Magistrate Judge Morris held a hearing on Smith's Plea Agreement. ECF No. 369. During the hearing, Judge Morris reiterated the contents of Smith's Plea Agreement and reminded Smith that he was waiving his right to appeal.

THE COURT: The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 188 months, the defendant also waives any right he may have to appeal his sentence on any grounds…

THE COURT: You are, in this plea agreement, giving up your right to appeal your conviction on any grounds. So I want you to understand that that is today's plea-taking process basically, because your -- the end result of a guilty plea is you'll have a conviction on your record. Do you understand that, sir?

THE DEFENDANT: Yes, ma'am

THE COURT: And so you're giving up your right to appeal this process basically on any grounds, so for that reason, and just because it's an important day for you, I want to make sure that you do understand everything that's going on here today and the consequences of your guilty plea…

THE COURT: In this agreement, you are giving up also your right to appeal your sentence or to withdraw from this agreement or withdraw your plea, as long as you don't get sentenced any higher than 188 months. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: So if Judge Ludington sentenced you to anything below 188 months, you won't be able to withdraw your plea or withdraw from the agreement or appeal your sentence. Do you understand that, sir?

THE DEFENDANT: Yes, ma'am…

THE COURT: I also wanted to just double check and mention that with you not being able to appeal your conviction on any grounds, that also means that you won't

able to be -- make any successful argument later that you're only pleading guilty because you wanted to get it over with, but you're not really guilty…Do you understand that, Mr. Smith?

THE DEFENDANT: Yes, ma'am.

ECF No. 656 at 14–21.

On March 8, 2018, Smith was sentenced to a term of imprisonment of 135 months. Judgment, ECF No. 525. During his sentencing hearing, Smith was asked whether he understood his rights of appeal pursuant to his Rule 11 Plea Agreement. The hearing transcript provides

> THE COURT: One final matter, and that is the -- a return to…the plea arrangement in the case, specifically paragraph 7 entitled appeal and collateral attack waiver, and it provides that the defendant would waive any right that he has to appeal his conviction on any grounds. It goes on to say that if the defendant's sentence of imprisonment does not exceed 188 months, the defendant also waives any right that he might have to appeal his sentence.
>
> What I want to be sure is that Mr. Smith understands that even if he believes he might have a right that would escape that appeal waiver to have the Court of Appeals review any of the issues that we've decided during the course of the case, that he understands that he still needs to file a claim of appeal within 14 days to be timely in protecting that right.
>
> Mr. Day, have you had a chance to talk with him about that subject.
>
> MR. DAY: We have broached that subject, Your Honor.
>
> THE COURT: Any additional business, Mr. Day?
>
> MR. DAY: No, sir. Thank you.

Trans. of Sentencing, ECF No. 558 at 26.

In his motion to vacate his sentence, Smith provided his affidavit opening with the assertion "I, Eugene Smith III, the Affiant, do hereby swear that the following statements are true and correct to the best of my limited knowledge and ability so to state, under the Penalty of Perjury, 28 USC §1746." Def.'s Aff., ECF No. 552 at 19. Smith testified that he asked Mr. Day to file an appeal to which Mr. Day told him that he could not do because Smith had taken a Rule 11 Plea Agreement that contained an appeal waiver. *Id.* Smith also included in his motion a statement from his father

representing that "upon [Smith's] sentencing I made a call to his lawyer Jeffrey Day to see if Eugene could get an appeal. He was not available. I made another call and his secretary said Jeff told her that Eugene could not appeal after he took a guilty plea." ECF No. 552 at 20.

In the Government's response, it acknowledged that "[t]he failure of counsel to file an appeal when explicitly directed to do so is per se ineffective." ECF No. 574 at 2. It identified Smith's affidavit and his father's testimony as sufficient to entitle Smith to an evidentiary hearing. *Id.*

On October 22, 2018, Magistrate Judge Morris issued a Report and Recommendation recommending that an evidentiary hearing be held. ECF No. 603. The Court adopted Judge Morris's Report and Recommendation and ordered that an evidentiary hearing be held before Judge Morris on Smith's claim that he explicitly requested that counsel file an appeal on his behalf and to issue proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 640.

**B.**

On March 26, 2019, Judge Morris held the evidentiary hearing. Her report describes the hearing as follows:

> At the evidentiary hearing, Petitioner submitted five exhibits…Petitioner offered these to support his argument that trial counsel's general neglect of matters evidenced therein tends to show that trial counsel likely neglected to follow through in filing a notice of appeal after having been requested to do so. The proffered matters neglected were trial counsel's failure to note/argue Petitioner's criminal history category (which was determined later to be category III rather than IV); failure to file a sentencing memorandum in a timely fashion, requiring the sentencing date to be adjourned; and failing to include § 3553 arguments into the sentencing memorandum that was finally submitted.
>
> Petitioner's father, Eugene Smith, Jr., testified first. He stated that he called trial counsel's office; counsel was not available, but he told counsel's secretary that Petitioner wanted to file an appeal. Counsel's secretary indicated she would pass the message on to counsel but since counsel did not return his call, Eugene Smith,

- 4 -

Jr., called the office a second time and was told by counsel's secretary that she had spoken to trial counsel and that counsel had indicated that Petitioner was not able to file an appeal. This testimony stands uncontradicted.

On cross-examination, when asked why Petitioner wanted to appeal, Eugene Smith, Jr., responded that Petitioner had told him there were "discrepancies" and that some facts that should have been presented at sentencing were not. He added that he had also requested counsel's office send the materials needed to file an appeal.

Petitioner testified that immediately after being sentenced, he had asked trial counsel to file an appeal and counsel had indicated that he would come "upstairs" (to the Marshal lockup) and talk with him about it, but that counsel never came. Petitioner also testified that although the Rule 11 plea agreement contained a waiver of his right to appeal, his trial counsel and the undersigned magistrate judge told him that he could ignore that provision and that he could appeal despite the waiver. Petitioner was impeached by transcribed testimony at the plea hearing and the sentencing hearing. It was also noted that at the close of the sentencing hearing, the sentencing judge went over the appellate waiver in the plea agreement and noted that Petitioner waived his right to appeal his conviction on any grounds and waived his right to appeal his sentence as long as his sentence did not exceed 188 months, which it did not. (R.558 at PageID.3491.) In addition, the judge told Petitioner, "I want to be sure [] that Mr. Smith understands that even if he believes he might have a right that would escape that appeal waiver to have the Court of Appeals review any of the issues that we've decided during the course of the case, that he understands that he still needs to file a claim of appeal within 14 days to be timely in protecting that right." (Id.) The Court then asked trial counsel if he had "had a chance to talk with [Petitioner] about that subject," to which counsel responded, "We have broached that subject, Your Honor." (Id.)

Trial counsel then testified that he had served on the Criminal Justice Act panel as a defense attorney for at least twelve years, perhaps more. He stated that he has never told any client to ignore a part of the plea agreement and he agreed that this would be entirely inconsistent with his training, practice, and experience. Counsel further testified that he negotiated a second plea offer/agreement for his client because the first agreement did not allow Petitioner to contest the enhancements for using a firearm and maintaining a drug house. The second plea agreement, under which Petitioner entered his guilty plea, allowed for the enhancements to be challenged at sentencing. Counsel indicated that he went over the plea agreement and told Petitioner he would not be able to appeal his sentence unless sentenced in excess of 188 months. Counsel further testified that immediately after sentencing, Petitioner did not say anything about an appeal; Petitioner was not happy with the sentence, but did not ever ask to file an appeal. Counsel added that if Petitioner had asked to file an appeal, counsel would have filed the notice because he is required to and it is his practice to do that. Counsel also stated that he has never filed a notice of appeal in any federal criminal case.

When asked what counsel meant by saying, at the sentencing hearing, that counsel had "broached the subject" of appeal with Petitioner, counsel indicated that he was referring to the time when he went over the plea agreement with Petitioner and explained the waiver to him. Counsel was asked if he had explained to Petitioner that if requested to do so, counsel would file a notice of appeal on behalf of Petitioner, likely accompanied by an *Anders* brief indicating there are no non-frivolous appellate issues because of the appeal waiver. Trial counsel responded that he does not ever consult with and explain this to his clients and that he did not consult with and explain this to Petitioner.

ECF No. 664 at 3–5.

Judge Morris also explained the obligation of defense counsel to file an appeal when the Defendant requests an appeal.

In *Roe v. Flores-Ortega*, the Supreme Court extended *Strickland* to failure-to-file-appeal and to failure-to-consult cases: "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he [or she] otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him [or her] to an appeal" without any further showing. 528 U.S. 470, 484 (2000). The Supreme Court recently confirmed that "the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether a defendant has signed an appeal waiver," and regardless of whether "a particular defendant seems to have had poor prospects" on appeal. *Garza v. Idaho*, 139 S.Ct. 738, 747–49 (2019). In the same vein, the Sixth Circuit has found that counsel must file an appeal when their client explicitly requests it, "even where an appeal appears frivolous." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (requiring an *Anders* brief—a brief indicating there are no meritorious grounds for appeal, as described in *Anders v. California*, 386 U.S. 738, 744 (1967)—in such cases).

ECF No. 664 at 7.

Judge Morris determined that "Petitioner reasonably demonstrated an interest in pursuing an appeal that obligated counsel to contact Petitioner and obtain his decision rather than simply ignoring the situation and avoiding contact with Petitioner and then resting on Petitioner's silence or failure to request an appeal." *Id.* at 11. She also recommended that Mr. Day review the standards from *Flores* and *Garza*.

Counsel failed to consult with Petitioner regarding an appeal in this case and counsel testified that he never does condult [sic]. This universal failure to consult is alarming. In addition, counsel's testimony that in his twelve-plus years of federal practice he has never filed a notice of appeal is similarly startling. Counsel is

cautioned to review the applicable standards delineated by the Supreme Court in *Flores-Ortega* and *Garza*.

*Id.* at 12.

Judge Morris was correct to recommend that Mr. Day review these standards, but it is worth noting that the standards are only slowly being understood in the defense community. Indeed, most defense attorneys make every effort to secure the best treatment for their client possible and offering an appeal waiver is often an important consideration to prosecutors in arriving at a plea agreement. Accordingly, *Flores-Ortega* and *Garza*'s requirement that defense counsel potentially jeopardize their client's interests by filing an appeal they believe has no merit is counterintuitive. If the defendant breaches the plea agreement by filing the appeal, the value of the plea agreement could be lost and the defendant may face a harsher sentence than the sentence negotiated in the original plea agreement. Justice Thomas explained this tension in his dissenting opinion in *Garza v. Idaho*.

> Under these circumstances, it is eminently reasonable for an attorney to "respec[t] his client's formal waiver of appeal" and uphold his duty "to avoid taking steps that will cost the client the benefit of the plea bargain." *Nunez v. United States*, 546 F.3d 450, 453, 455 (CA7 2008) (Easterbrook, C. J.). And because filing an appeal places the defendant's plea agreement in jeopardy, an attorney's decision not to file in the face of an appellate waiver does not amount to the failure to perform "a purely ministerial task" that "cannot be considered a strategic decision." *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. 1029. Even where state law or a plea agreement preserves limited appeal rights, an attorney does not fail to "show up for appeal" by declining to challenge a waived issue. *Nunez, supra*, at 454.

*Garza*, 139 S.Ct. at 754. Regardless of the tension created by *Flores-Ortega* and *Garza*, counsel is required to file the appeal if the defendant requests an appeal. Because of the potential adverse results of an uncounseled filing of an appeal, counsel will be appointed to represent Petitioner.

In her report, Judge Morris recommended as a remedy that "the [C]ourt…grant Petitioner an out-of-time appeal by re-entering the judgment of conviction to allow Petitioner to file an appeal." *Id.* at 12 (citing *United States v. Rivas*, 450 Fed. Appx. 420, 429 (5th Cir. 2014)).

## II.

Judge Morris's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report. Fourteen days after service of the report, the Government filed a motion for an extension of time to file objections. ECF No. 669. The motion was granted. ECF No. 670. However, the next week the Government filed a notice informing the Court that it would "not pursue objections to the Magistrate Judge's Report and Recommendation." ECF No. 671.

The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal this decision. *Id.*

Judge Morris recommends that the appropriate remedy is to vacate Smith's sentence and resentence him on his original conviction in order to start the time for appeal running again. *See Rosinski v. U.S.*, 459 F.2d 59 (6th Cir. 1972); *Johnson v. U.S.*, 2005 WL 1506050, *6 (6th Cir. June 27, 2005). However, to promote efficiency and to preserve judicial resources, Petitioner will instead be granted the option to file a delayed direct appeal. Such an approach has been affirmed by the Sixth Circuit in other similar cases. *See Ludwig v. U.S.*, 162 F.3d 456, 459 (6th Cir. 1998); *U.S. v. Leachman*, 309 F.3d 377, n. 4 (6th Cir. 2002). Additionally, counsel will be appointed to represent Petitioner. Counsel will be directed to consult with Petitioner regarding the advisability of filing an appeal and potentially jeopardizing Petitioner's current plea agreement.

## III.

Accordingly, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 664, is **ADOPTED IN PART**.

It is further **ORDERED** that Petitioner's motion to vacate sentence, ECF No. 552, is **DENIED**.

It is further **ORDERED** that the Court's case manager be directed to appoint counsel for Petitioner to consult with Petitioner regarding the advisability of filing an appeal.

It is further **ORDERED** that Petitioner and appointed counsel appear for a hearing before on **May 28, 2019 at 2:30 p.m**.

Dated: May 7, 2019                                  s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Eugene Smith #239821, Clare County Jail, 255 W. Main Street, Harrison, MI 48625 by first class U.S. mail on May 7, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager