UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 1:16-cr-20677-8
v.                                 Honorable Thomas L. Ludington

EUGENE SMITH, III,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 15, 2017, Defendant Eugene Smith, III pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1) and 846. ECF No. 374. He was sentenced to 135 months' incarceration to be followed by a four-year term of supervised release. ECF No. 525. Defendant is currently housed at Federal Correctional Institute, Fort Dix in New Jersey.

On April 16, 2021, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on his fear of contracting COVID-19 while in custody. ECF No. 780. His motion was denied with prejudice on May 20, 2021. ECF No. 789. In its Order Denying Compassionate Release, this Court noted that Defendant had declined to receive a COVID-19 vaccine and that, even if he had an extraordinary and compelling reason for release, a sentence reduction was not supported by the § 3553 factors. *See id.* at PageID.6472–76.

Shortly after the Order Denying Compassionate Release was entered, Defendant's reply brief in support of his Motion for Compassionate release was docketed. ECF No. 792. The reply brief was designated by the Clerk's Office as having been filed on May 16, 2021, though it was not immediately docketed because of delays in processing.

On June 4, 2021, Defendant filed a pro se motion for reconsideration, urging this Court to reconsider its Order Denying Compassionate Release in light of his reply brief. ECF No. 797.

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)).

Defendant's Motion for Reconsideration will be denied because he has not shown any palpable defect in the Order Denying Compassionate Release.

First, Defendant's reply brief was untimely. Local Rule 7.1 provides that a reply brief in support of a non-dispositive motion must be filed within seven days of the response brief. E.D. Mich. L.R. 7.1(e)(1). The Government's response brief was filed on April 30, 2021, but Defendant's reply brief was not filed until over two weeks later, on May 16, 2021.

Second, even if the reply brief had been filed in a timely manner, it would not have changed the outcome of Defendant's Motion for Compassionate Release. The reply brief has two primary contentions: (1) that Defendant denied the Moderna COVID-19 vaccine because he preferred the Pfizer vaccine and (2) that Defendant's guideline sentencing range would be lower today because of a change in Sixth Circuit precedent. *See* ECF No. 792 at PageID.6481–87. The first contention does not alter the analysis in the Order Denying Compassionate Release, *see* ECF No. 789 at PageID.6472–73, and the second contention is a new argument that should have been raised in Defendant's original motion, *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012).

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 797, is **DENIED**.

Dated: June 30, 2021                           s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge